IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| OSCAR LOPEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-16-964-M |
| | ) | |
| SCOTT PRUITT, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Oscar Lopez (Plaintiff), a state prisoner appearing pro se, filed this action seeking a writ of mandamus.[1] Doc. 1.[2] United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3.

The undersigned advised Petitioner that his action could not proceed until either he paid the $400 filing fee or the court granted him leave to proceed without prepayment of the fee. Doc. 4. The undersigned ordered Petitioner to cure this deficiency by October 11, 2016, and specifically cautioned that his

---

[1] Petitioner does not purport to challenge the validity of his state court sentence but, rather, moves for an "[e]xpediated [d]eportation." Doc. 1, at 1.

[2] This report cites court filings by their electronic case filing designation and pagination.

failure to do so could result in the dismissal of this action. *Id.*[3] Petitioner filed a deficient Application for Leave to Proceed In Forma Pauperis (IFP) on October 7, 2016. Doc. 5. The undersigned detailed those deficiencies and ordered that Petitioner cure them by October 27, 2016, warning of the consequences of his failure to do so. Doc. 6. Subsequently, the undersigned sua sponte extended the deadline until November 21, 2016. Doc. 8.

Petitioner then timely filed a supported motion seeking leave to proceed IFP, and the undersigned entered an order consistent with 28 U.S.C. § 1915(b)(1), granting the motion and directing Petitioner to pay an initial partial filing fee of $3.83 on or before December 19, 2016. Docs. 10, 12. The undersigned specifically advised Petitioner "that unless by the date specified . . . he has either (1) paid the initial partial filing fee, or (2) shown cause in writing for the failure to pay, this action will be subject to dismissal without prejudice to refiling, and no fees or costs will be imposed or collected." Doc. 12, at 1-2. Petitioner did not respond, and the undersigned sua sponte extended the deadline until January 13, 2017, advising that "[i]**f Petitioner fails to comply, the court will recommend dismissal of this action without prejudice and without further notice.**" Doc. 13. Once again, Petitioner did not respond. Both orders, Docs. 12, 13, were sent to the last address

---

[3] The undersigned instructed the Clerk of Court to send Petitioner the necessary form to comply with the order.

2

Petitioner provided to the court, Doc. 9, and neither has been returned to the court as undeliverable. Under this Court's local rules (LCvR), the orders are "deemed delivered." LCvR 5.4(a).[4]

Petitioner failed to pay the initial filing fee as ordered and he has not shown—or made any attempt to show—cause for nonpayment, and dismissal of his action without prejudice to refiling is warranted under Fed. R. Civ. P. 41(b). *See Hill v. Fort Leavenworth Disciplinary Barracks*, No. 16-3097, 2016 WL 4539948, at *2 (10th Cir. Aug. 30, 2016) (holding the district court did not abuse its discretion in dismissing an action without prejudice when, "[d]espite warnings from the district court, [Petitioner] failed to pay the statutorily mandated filing fee and failed to otherwise establish his inability to pay").

## **Recommendation and Notice of Right to Object**

For the stated reasons, the undersigned recommends the dismissal of Petitioner's action under Fed. R. Civ. P. 41(b), without prejudice to refiling.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before February 27, 2017, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to file a timely objection to this Report

---

[4] The court's docket sheet shows that on November 1, 2016, the Clerk of Court notified Petitioner of his obligation to notify the court of any change of address.

3

and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 7th day of February, 2017.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE